IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| CAROL WILKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 415-216 |
| ) | |
| MAGISTRATE JUDGE G.R. SMITH, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case *pro se*. Because she is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff is a frequent *pro se* filer, and has routinely filed facially frivolous lawsuits.[1] Defendant is the Honorable G.R. Smith, U.S. Magistrate Judge, Southern District of Georgia. Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On July 5, 2014, Judge Smith issued a Report and

---

[1] See, e.g., Wilkerson v. H&S, Inc., 438 F. App'x 769-70 (11th Cir. 2011) (dismissing complaint because there were no supporting factual allegations); Wilkerson v. Statesboro Police Dept., No. CV609-075, 2009 WL 4609603 at *1 n. 1(S.D. Ga. Dec. 2, 2009) (collecting six prior frivolous cases and warning that future frivolous filings would be met with sanctions).

Recommendation ("R&R") for dismissal of a civil action filed *pro se* by Plaintiff under 42 U.S.C. § 1983, alleging injustice in state criminal proceedings. See Wilkerson v. Georgia, No. CV614-041, 2014 WL 3644179 at *1 (S.D. Ga. July 21, 2014). In explaining his rationale for dismissal, Judge Smith stated, in part, that "a federal court cannot exist as a public resource if the malicious and mentally unbalanced are permitted to bombard it with absurdities." Id. at *2. Plaintiff claims that Judge Smith made this statement in reference to her, and alleges that the statement is false. (Doc. no. 1, p. 2.) Plaintiff is not mentally imbalanced, and has never been diagnosed by a physician as being mentally imbalanced. (Id.) Plaintiff alleges injury because the R&R was seen and read by Judge Avant B. Edenfield, judges and law clerks on the Eleventh Circuit Court of Appeals, law clerks and employees at the U.S. District Court in Savannah, Georgia, and is now publically available through legal research providers. (See id.) Plaintiff seeks compensatory damages, punitive damages, interest, and litigation expenses. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

A complaint or any portion thereof may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010). In short, the

complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Pleadings drafted by *pro se* litigants must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006). Regardless, the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

### 2. The Complaint Fails to State a Claim Because The Allegations Show That Judge Smith Is Entitled to Absolute Immunity.

It is well-settled that judges are entitled to absolute judicial immunity from damages for "acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000). Judge Smith is entitled to absolute immunity so long as he was was dealing with Plaintiff in a judicial capacity, his actions were of the type normally performed by a judge, and he acted within the Court's jurisdiction. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985) *aff'd*, 784 F.2d 403 (11th Cir. 1986). Absolute judicial immunity protects federal judges from injunctive relief, declaratory relief, and monetary damages, and applies even when the judge's acts are in error, malicious, or in excess of his or her jurisdiction. Bolin, 225 F.3d at 1241-43; Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Here, the Complaint leaves no doubt that Judge Smith was performing a judicial act in a judicial capacity when he issued the R&R. See Bush v. Washington Mut. Bank, 177

3

F.App'x 16, 17 (11th Cir. 2006) ("Issuing an order is one of the 'paradigmatic judicial acts involved in resolving disputes between parties.'") (quoting Forrester v. White, 484 U.S. 219, 227 (1988)); Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005) (holding state trial judge immune from claims stemming from issuance of writ of bodily attachment). Judge Smith's alleged conduct was also within the scope of the Court's jurisdiction and his official duties. See 28 U.S.C. § 1331 (providing federal question jurisdiction); 28 U.S.C. § 636(b)(1) (authorizing U.S. Magistrate Judges to issue reports and recommendations on dispositive motions); see also Bush, 177 F.App'x at 18 (finding immunity applied because bankruptcy judge had subject matter jurisdiction to issue order). Accordingly, Judge Smith is entitled to absolute immunity, and Plaintiff's complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of November, 2015, at Augusta, Georgia.

／s／ Brian K. Epps
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA